```
Priority  ✓
Send      ✓
Enter     ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only
```

FILED
CLERK, U.S. DISTRICT COURT

JAN 28 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-EASTERN DIVISION

| | |
|---|---|
| RIGOBERTO ARAGON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>Sheriff BOB DOYLE, et al.,<br><br>　　　　Respondents. | ) ED CV 08-00082-SGL (SH)<br>)<br>) MEMORANDUM AND ORDER<br>) DISMISSING PETITION FOR WRIT<br>) OF HABEAS CORPUS<br>)<br>)<br>)<br>)<br>) |

　　　On January 23, 2008, pro se petitioner, presently confined at Southwest Detention Center in Murrieta, California, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), accompanied by a supporting Memorandum of Points and Authorities ("Petition Memorandum"), pursuant to 28 U.S.C. § 2254. The Petition contains seven separate claims alleging violations of his rights to due process and equal protection, his right to access to the courts, his right to be free from cruel and unusual punishment, and (apparently) his right to conflict-free counsel during ongoing criminal proceedings. (Petition at 2, 5-6; Petition

Memorandum at 1-29).

In the Petition, petitioner seeks <u>inter alia</u> the following relief: (1) staying the criminal proceedings to determine why petitioner's counsel failed to file the petition for writ of habeas corpus (prepared by petitioner); (2) ordering petitioner's counsel to turn over the petition for writ of habeas corpus; (3) finding petitioner an attorney independent "of any ties to the Riverside Superior Court [and the] Riverside District Attorney's Office"; (4) ordering the Riverside County Jail system to update all libraries to meet federal minimum mandated standards; (5) ordering personnel at the Southwest Detention Center not to read or open confidential, legal, and privileged mail; (6) restraining respondents from chaining petitioner in an inhumane way; (7) ordering respondents to provide adequate and proper lighting in the cells; (8) ordering respondents to remove security check buttons from doors; (9) restraining respondents from retaliating against, harassing, threatening and intimidating petitioner, and from tampering with petitioner's legal materials; (10) ordering respondent to provide petitioner "grievances" upon request; (11) ordering respondents to provide petitioner with indigent supplies; and (12) ordering respondents to issue petitioner a second blanket. (Petition Memorandum at 24, 31).

The claims alleged in the instant Petition are not cognizable in habeas corpus. A Petition for Writ of Habeas Corpus can only be issued if petitioner is in state custody and that such custody is in violation of the Constitution, laws or treaties of the United States. <u>See</u> 28 U.S.C. §§ 2254(c), 2241. Petitioner's claims do not go to the fact or duration of petitioner's confinement. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Moreover, petitioner has not alleged extraordinary circumstances that would justify a federal court's intervention in ongoing state criminal proceedings. <u>See</u> <u>Younger v. Harris</u>, 401 U.S. 37, 43-55, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

It appears that petitioner is actually claiming, in part, violations of his civil

rights. If so, petitioner may seek to file the appropriate action.[1]

Since petitioner does not state a claim for relief under 28 U.S.C. § 2254, dismissal of the Petition is warranted.

IT IS ORDERED as follows:

1. The Petition is dismissed; and

2. The Clerk shall mail a copy of this Order.

DATED: 1-28-08

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

Presented by:
Date 1-25-08

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Prior to filing a complaint concerning prison conditions or occurrences, a prisoner must exhaust available administrative remedies. See 42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Porter v. Nussle, 534 U.S. 516, 520, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Vaden v. Summerhill, 449 F.3d 1047, 1048 (9th Cir. 2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).